# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE ENRIQUE NUÑEZ, III,<br>　　Plaintiff,<br><br>　　v.<br><br>READING EAGLE COMPANY, *et al.*,<br>　　Defendants. | CIVIL ACTION NO. 18-CV-4799 |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                 **DECEMBER 19, 2018**

    Plaintiff Jose Enrique Nuñez, a prisoner at the Berks County Jail, filed this *pro se* civil action against the Reading Eagle Company, Charles Pruztman (a prosecutor),[1] Warden Janine Quigley (misspelled "Quigely"), Lt. Baurble, and Cpt Castro. He also identified the Reading Police Department as a Defendant in the body of his Complaint, although he failed to name that entity as a Defendant in the caption in accordance with Federal Rule of Civil Procedure 10(a). In an Order docketed on November 19, 2018, the Court informed Nuñez that if he sought to proceed with his case, he was obligated to either pay the fees to commence this civil action or file a motion for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement for the six-month period prior to filing this civil action. (ECF No. 3.) On the same day, the Court received a "Brief" from Nuñez that appears to support a motion for a preliminary injunction, although Nuñez did not file a motion for any such relief. (ECF No. 4.)

---

[1] Although Prutzman is also identified as Pratzman, Prutzman appears to be the proper spelling according to the docket for Nuñez's underlying criminal case.

On December 11, 2018, the Court received Nuñez's Motion to Proceed *In Forma Pauperis* and his Prisoner Trust Fund Account Statement. (ECF Nos. 5 & 6.) For the following reasons, the Court will grant Nuñez leave to proceed *in forma pauperis* and dismiss his Complaint.

I.     FACTS

Nuñez alleges that on May 22, 2017, he was charged with robbery and related offenses along with two co-defendants. Nuñez states that he was placed in the "CI room" at city hall and questioned about a robbery. He claims he denied knowing anything. The officer, however, asserted that he knew Nuñez had set up the robbery. Nuñez claims he "confessed [to] something [he] [doesn't] remember because [he] was intoxicated with K2" and "gave two names of my Facebook which are sentenced with State Time." (Compl. at 6.)[2]

Public dockets reflect that on September 5, 2018, Nuñez pled guilty to one count of robbery and the remaining charges against him were dropped. *Commonwealth v. Nuñez*, Docket No. CP-06-CR-0002996-2017 (Berks Cty. Ct. of Common Pleas). He was sentenced to a minimum of eleven months and five days of incarceration and a maximum of twenty-three months of incarceration. *Id.* The docket reflects that Charles Prutzman served as the prosecutor on the case.

In his Complaint in the instant civil action, Nuñez suggests that the Reading Eagle reported on his criminal case including information about his "cooperation with authority and [his] mental health diagnosis which is HIPA[A] violation." (Compl. at 6.) Nuñez alleges that other prisoners and prison officials saw the article and that he now has "messages on threats of [his] life." (*Id.*) He also indicates that prison officials have called him "pussy," "snitch," and "rat." (*Id.* at 8.)

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Nuñez also appears to take issue with certain conditions at the Berks County Jail. He indicates that he is denied at least one hot meal a day. He also alleges that on October 29, 2018, some of his papers, including legal papers, were damaged when someone threw liquid down from the top tier into his cell on the bottom tier. The Complaint suggests Nuñez believes another inmate threw urine or liquid down the pipe.

Based on those allegations, Nuñez filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He asks the Court to have the Berks County Jail inspected and to direct replacement of his property, and that the publication regarding his case be removed from the Internet. He would also like an order directing him to receive at least one hot meal.

## II. STANDARD OF REVIEW

The Court grants Nuñez leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id*. The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch.*

---

[3] However, as Nuñez is a prisoner, he is still obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

*Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Nuñez is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

## III. DISCUSSION

### A. Claims Against Reading Eagle Company

As noted above, the Court has construed Nuñez's Complaint as raising constitutional claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As the Reading Eagle Company is not a state actor, it is not subject to liability under § 1983. Accordingly, Nuñez lacks a legal basis for his claims against the Reading Eagle Company.

It appears that Nuñez is also claiming that the Reading Eagle Company violated the Health Insurance Portability and Accountability Act (HIPAA) by publishing his medical information. However, there is no private right of action under HIPAA. *See Rigaud v. Garofalo*, 2005 WL 1030196, at *3 (E.D. Pa. May 2, 2005); *see also Adams v. Eureka Fire Protection Dist.*, 352 F. App'x 137, 138 (8th Cir. 2009) (per curiam). Accordingly, there is no legal basis for any HIPAA claims.

### B. Claims Against Prutzman

Although unclear, it appears that Nuñez is raising claims against Prutzman for prosecuting the criminal charges against him. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). As Nuñez appears to be suing Prutzman for

4

prosecuting the criminal case against him, the Court will dismiss Nuñez's claims against him. Nor has Nuñez articulated any other basis for a claim against Prutzman.

### C. Claims Against the Reading Police Department

Nuñez has also failed to state a claim against the Reading Police Department. Initially, it is not clear that the Reading Police Department, as opposed to the City of Reading itself, is an entity subject to suit under § 1983. *See Curry v. Huyett*, No. CIV.A. 93-6649, 1994 WL 111357, at *2 (E.D. Pa. Mar. 30, 1994) ("[I]t appears that the City of Reading police department is not an appropriate defendant under a Section 1983 claim"). In any event, the only basis for Nuñez's claims against the Reading Police Department appears to be his allegation that he was improperly pressured into admitting to a crime while he was intoxicated. That allegation does not state a constitutional violation because any allegedly coerced statements were not used against Nuñez at trial in light of the fact that he pled guilty. *Cf. Renda v. King*, 347 F.3d 550, 552 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial."). Furthermore, Nuñez has not stated a basis for municipal liability here, even if he could state a constitutional claim based on the manner in which he was questioned by police. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (to state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation).

### D. Claims Against Warden Quigley, Lt. Baurble, and Cpt Castro

The Court understands Nuñez to be raising claims against Warden Quigley, Lt. Baurble, and Cpt. Castro based on the conditions at the Berks County Jail. "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . ." *Rode v. Dellarciprete*, 845

F.2d 1195, 1207 (3d Cir. 1988). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Nuñez has not stated a claim against Warden Quigley, Lt. Baurble, and Cpt. Castro based on the conditions of his confinement because he has not explained how they were involved in the claimed constitutional violations. In any event, Nuñez has already raised many of the same allegations about his conditions of confinement in a previously-filed case, *see Nuñez v. Quigely*, Civ. A. No. 18-4492 (E.D. Pa.). In Civil Action Number 18-4492, the Court dismissed Nuñez's amended complaint without prejudice to him filing a second amended complaint. Accordingly, Nuñez should assert his related claims together in one second amended complaint in 18-4492, rather than returning in this proceeding. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (explaining that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) ("[A] district court may

dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."). In other words, for purposes of judicial efficiency, Nuñez should assert his claims concerning the conditions at Berks County Jail in one pleading in Civil Action Number 18-4492.[4]

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Nuñez leave to proceed *in forma pauperis* and dismiss his Complaint.[5] Nuñez's claims against the Reading Eagle Company, Prutzman, and the Reading Police Department are dismissed with prejudice because it does not appear that he could plausibly amend those claims. Nuñez's claims against the remaining defendants are dismissed without prejudice to him proceeding on his claims in Civil Action Number 18-4492 should he file a second amended complaint in that case. An appropriate Order follows.

**BY THE COURT:**

**          /s/ Gerald Austin McHugh**
**United States District Judge**

---

[4] Nuñez is also proceeding on a discrete excessive force claim in a prior lawsuit, *Nuñez v. Heere*, Civ. A. No. 18-4493 (E.D. Pa.), which is not duplicated in his subsequent lawsuits.

[5] Nuñez's Brief (ECF No. 4), which appears to request the name of defense counsel (none of which has yet been entered in this case), an update on the status of his cases, and possibly an unspecified preliminary injunction suggests on the second page that it relates to claims based on treatment of his mental health raised in Civil Action Number 18-4492. To the extent the Brief can be construed as requesting injunctive relief in the instant case, any requests for relief are denied. However, this Memorandum and accompanying Order shall serve as a response to Nuñez's request for the status of Civil Action Number 18-4799.